UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANDRIANO CORTEZ, :
                                          CIVIL ACTION NO. 3:23-0329
         Petitioner :
                                          (JUDGE MANNION)
    v. :

JESSIGCA SAGE, WARDEN :

         Respondent :

## MEMORANDUM

Petitioner, Andriano Cortez, an inmate formerly confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania,[1] filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Cortez seeks an order from this Court executing his sentence "consistent with the recommendation in my sentencing Judgment" and "that my fact or duration of imprisonment not infringe upon my Constitutional and Statutory rights." Id. Specifically, Cortez claims that he has been denied participation in the BOP's drug programming as recommended by his sentencing judge. Id. He claims this denial affects the execution of his sentence and denies him his liberty interest in the one-year early release benefit conferred by 18 U.S.C. §3621(e) for successful completion of the BOP's Residential Drug Abuse Treatment Program ("RDAP"). Id.

---

[1] Subsequent to filing of the instant petition, Cortez was transferred to the Metropolitan Detention Center in Brooklyn, New York. (Doc. 8).

A response to the petition was filed on April 25, 2023. (Doc. 9). Although Petitioner was provided an opportunity to file a traverse, none was filed. For the reasons that follow, the Court will dismiss the petition for writ of habeas corpus for Petitioner's failure to exhaust administrative remedies.

## I. **Background**

On May 2, 2022, Cortez was sentenced to a 121-month term on incarceration, in the United States District Court for the District of Massachusetts, for Conspiracy and Possession with Intent to Distribute 100 Grams or More of Heroin and 40 Grams or More of Fentanyl. (Doc. 9-1 at 5).

On April 18, 2023, BOP staff at the Designations and Sentence Computation Center in Grand Prairie, Texas reviewed Cortez's sentence computation. (Doc. 9-1 at 25). Staff determined Cortez had been in the custody of the Essex County Sheriff's Department from January 14, 2016, to March 2, 2016, the period of time he alleges he is owed jail credit. Id. As a result, Cortez's computation was updated with the credit applied. His projected statutory release date is January 3, 2028. Id.

While confined, Petitioner has only filed two administrative remedies, each concerning the handling of legal mail. (Doc. 9-1 at 10). No other administrative remedies, nor any concerning this action, were filed. Id.

## II. Discussion

Respondent argues that Cortez' petition should be dismissed based on his failure to exhaust his administrative remedies prior to seeking review in federal court. The Court agrees.

Despite the absence of a statutory exhaustion requirement attached to §2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under §2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Significantly, exhaustion is not required where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

See also, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (concluding exhaustion is not required where petitioner demonstrates futility); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (finding that exhaustion is not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§542.10-542.19 (2005)). The system first requires that an inmate present their complaint to staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. 28 C.F.R. §542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days. 28 C.F.R. §542.14. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. §542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. §542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. §542.15(a).

- 4 -

The record reveals that Petitioner filed only two administrative remedies, both concerning the handling of legal mail. (Doc. 9-1 at 10, Administrative Remedy Generalized Retrieval). The record reveals no other Administrative Remedy, or Appeal filed by Petitioner concerning Petitioner's alleged denial of participation in the BOP's drug programming. Id. Petitioner does not refute this. Thus, Petitioner has failed to exhaust his administrative remedies and the petition must be denied. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Cortez to invoke the judicial process despite failing to complete administrative review.

## III. Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is dismissed without prejudice for Petitioner's failure to exhaust administrative remedies.

A separate Order will issue.

MALACHY E. MANNION
United States District Judge

Dated: August 9, 2023
23-0329-01